### JOHN L. ROPER LUMBER CO. v. HINTON et al.

(Circuit Court of Appeals, Fourth Circuit. November 4, 1920.)

No. 1835.

1. **Deeds** ⊙═══114(1)—**Tracts of grantor, acquired from different sources within boundaries of conveyance, held excepted.**

Where the owner of two tracts of land subsequently acquired a larger tract, originally granted subsequent to . the grants of the first tracts, but including them within its boundaries, a deed thereafter executed by him, conveying the tract last acquired, which expressly stated that it was a conveyance of the property acquired by the designated deed to him, did not convey the included tracts.

2. **Vendor and purchaser** ⊙═══230(1)—**Recitals in former conveyances of exception of certain tracts held notice to purchaser.**

Conveyances contained in a chain of title to a larger tract of land, expressly excepting therefrom two smaller tracts included within its boundaries, are notice to subsequent purchasers of the larger tract of such exception, so they cannot claim that the two smaller tracts were included in a conveyance of the larger tract by one who also owned the two excepted tracts, where the conveyance was expressly limited to the property acquired by the conveyance of the larger tract.

Appeal from the District Court of the United States for the Eastern District of North Carolina, at Elizabeth City; H. G. Connor, Judge.

Suit to quiet title by the John L. Roper Lumber Company against R. L. Hinton and others. Decree for defendants (260 Fed. 996), and complainant appeals. Affirmed.

A. D. MacLean, of Washington, N. C. (J. Kenyon Wilson, of Elizabeth City, N. C., on the brief), for appellant.

E. F. Aydlett, of Elizabeth City, N. C. (C. E. Thompson, of Elizabeth City, N. C., on the brief), for appellees.

Before PRITCHARD and KNAPP, Circuit Judges, and SMITH, District Judge.

---

⊙═══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SMITH, District Judge. The appellant, John L. Roper Lumber Company, filed a bill in equity in the District Court of the United States for the Eastern District of North Carolina against Charles L. Hinton and others, heirs at law and devisees of one John L. Hinton, to quiet the title claimed by the complainant to, and enjoin trespassing by the defendants upon, a tract of land in the Eastern District of North Carolina, known and called by the name of the Old Lebanon juniper swamp. The cause being at issue, testimony was taken, and it came on for trial before the District Judge for the Eastern District of North Carolina, who filed a decree that the complainant is the owner of a tract of swamp land called Old Lebanon juniper swamp, supposed to contain 5,000 acres, more or less, and that the defendants are the owners in fee of two tracts of land called Thornton's or Stanley's Island, containing 85 acres, and Gales, containing 281 acres, and adjudged that the plaintiff therefore took nothing by this proceeding, and that the defendants go without day and recover their costs.

The complainant appealed from this decree upon several grounds, involving substantially that the decree was erroneous in finding that the defendants were entitled to, and the owners in fee of the two tracts of land known as Thornton's or Stanley's Island, containing 85 acres, and Gales, containing 281 acres, or 366 acres in all, whereas, the court should have held that the complainant was entitled to those two tracts as parts of the Old Lebanon juniper swamp; and it is upon this appeal that the case is now heard. The opinion of the learned judge below upon which he based his finding and decree, is not printed in the transcript, but is to be found printed in 260 Fed. 996.

It appears that the common ancestor or original common holder of all the land claimed by the complainant and the defendants was one John L. Hinton. The tract of land referred to in the decree of the learned judge as the Gales tract seems to have been composed of 281 acres granted to Samuel Edney, February 15, 1785. This tract seems to have eventually vested in one Hollowell Old, and in the division of the property of Hollowell Old this piece of land was allotted to his grandson, John L. Hinton. The tract of land referred to in the decree of the District Judge as the Thornton's or Stanley's Island tract seems to have been composed of a tract of 85 acres granted to Samuel Edney, March, 19, 1762, and which after sundry descents and mesne conveyances was on December 16, 1850, conveyed by the heirs of one John Stanley to John L. Hinton.

John L. Hinton, therefore, in December, 1850, was the owner of these two tracts of land, one containing 281 acres and the other containing 85 acres, which he acquired in the way above mentioned. Subsequently thereto, viz. on the 20th of February, 1851, Hamlin L. Epps, as the administrator of Admiral Brinkley, conveyed to John L. Hinton, under decree of the county court of Gates county, the tract of land known as the—

"Old Lebanon juniper swamp, lying in the counties of Gates and Camden, and supposed to contain 5,000 acres, more or less, and is the same tract of juniper swamp land that the said Brinkley and Edward C. Riddick purchased of Thos. G. Benton."

This 5,000 acres of juniper swamp land appears to have been part of a larger grant for 19,200 acres of land made to Benjamin Jones on July 10, 1788, later in date than either of the grants to the two first-mentioned tracts. About three years after he acquired this tract of 5,000 acres, viz. on March 1, 1854, John L. Hinton conveyed to James B. Norfleet—

"a certain tract of swamp land called and known as the Old Lebanon juniper swamp, lying in the counties of Camden and Gates, and supposed to contain five thousand acres, more or less, and is the same tract of juniper swamp land to which I derived title from Hamlin L. Epps, administrator and commissioner of Admiral Brinkley, deceased, reference to the records of the register's office, Camden County, North Carolina, will at large and more fully appear."

This James B. Norfleet is the ancestor under whom the complainant claims, and the complainant's claim is that the description of the property conveyed in this deed from John L. Hinton to James B. Norfleet covers and includes the two previous tracts known as Thornton's and Gales, and that, John L. Hinton having been in 1854 the owner of all three tracts, when this description covers and includes all three, all three passed, and the complainant, through the original transfer to its ancestor, James B. Norfleet, is entitled to all three of these tracts.

The conveyance from John L. Hinton to James B. Norfleet, however, made March 1, 1854, conveyed only the Old Lebanon juniper swamp, lying in the counties of Camden and Gates, supposed to contain 5,000 acres, more or less, and—

"is the same tract of juniper swamp land to which I derived title from Hamlin L. Epps, administrator and commissioner of Admiral Brinkley, deceased, reference to the records of the register's office, Camden county, North Carolina, will at large and more fully appear."

[1] This conveyance expressly limits the tract of land conveyed by Hinton to the tract of land which he had received from Epps, administrator. The language of the deed as expressed is such as under which would pass only such tract of land as he received from Hamlin L. Epps, administrator; the facts as recited show positively that he never received from Epps, as administrator, the two tracts of land that he previously owned, viz. the Thornton tract, containing 85 acres, and Gales, containing 281 acres. Both those tracts he owned and possessed, before he acquired the property from Epps, administrator, and when his deed to Norfleet limited what he sold to Norfleet to the tract of land that he had acquired from Epps, administrator, necessarily it was exclusive of the two other separate and distinct tracts that he previously owned, and title to which he derived from other sources.

[2] The appellants claim, however, that the general description of the tract of land, as conveyed to Hinton by Epps, in the deed of March 1, 1854, was sufficient to cover the two smaller tracts within its boundaries, and that Hinton being at the time the owner of all three tracts, if all his metes and bounds, when he sold to Norfleet, included all three tracts, having then title to all three. necessarily they would all pass to Norfleet, and that any intending purchaser examining the record was justified in inferring from the record from the description of the lands in the deed that it covered all three tracts.

Such, however, does not appear on the record by an examination of the title of the land as conveyed to and owned by Admiral Brinkley. The conveyance from Exum Newby to Ann Scott, in 1810, which is one of the links in the title to Admiral Brinkley, expressly recognizes the existence of and excepts the two tracts "called Gales and Thornton's," containing 365 acres or thereabouts; and so the deed from Thomas Fitt to Exum Newby, in 1801, being another link in the Brinkley chain, and covering the property conveyed by Hinton to Norfleet, also in the description expressly excepts from the tract conveyed the two tracts containing 365 acres or thereabouts, "called Gales and Thornton's." An examination of the recorded title, therefore, to Brinkley, from whom Hinton acquired, through Brinkley's administrator, in itself shows upon the record that the property owned and held by Brinkley was exclusive of the two smaller tracts known as Thornton's and Gales.

When, therefore, Hinton conveyed to Norfleet, limiting his conveyance to what he had received from the estate of Brinkley, an examination of the records shows that Hinton had only received from the estate of Brinkley, and therefore only conveyed to Norfleet, the tract of land that Brinkley owned, which was exclusive of the two smaller tracts, and no purchaser who examined the record with any degree of care could be misled.

It appears from the testimony that the two tracts of land have been located with sufficient accuracy, and the District Judge, in his final decree locating them, as appears by the map used on the trial, made his decree in pursuance of and supported by the testimony before him.

The decree below is accordingly affirmed.