222 F.2d 333
 Robert N. ANDERSON, Reginald B. Munson, and Hope Ross
Anderson, Appellants,
v.
SMOOT SAND & GRAVEL CORPORATION, and United States of
America, Appellees.
Matter of UNITED STATES of America, Plaintiff
v.
CERTAIN PARCELS OF LAND IN COUNTY OF ARLINGTON, State of
VIRGINIA, and Howard W. Silsby, et al., Defendants.
 No. 6964.
 United States Court of Appeals Fourth Circuit.
 Argued April 12, 1955.
Decided May 18, 1955.
 
 Robert N. Anderson, Washington, D.C., in pro. per. (Emery N. Hosmer, Arlington, Va., on brief), for appellants.
 Howard W. Smith, Jr., Alexandria, Va., for appellee Smoot Sand & Gravel Corp.
 Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.
 PARKER, Chief Judge.
 
 
 1
 This is an appeal in a land condemnation case. The controversy relates to the ownership of two and one-half acres of land, claimed on the one hand by Robert N. Anderson, Reginald B. Munson and Hope Ross Anderson, hereafter referred to collectively as Anderson, and on the other by Smoot Sand and Gravel Corporation, hereafter referred to as Smoot. Both sides claim from a common source of title, one Richard Smith. Anderson claims through a conveyance made by Smith to one Simmons, August 31, 1842; Smoot, through a conveyance made by Smith to one Corcoran April 6, 1843 but recorded before the deed of Smith to Simmons. The judge below heard the case without a jury and found that the deed from Smith to Simmons did not cover the land in controversy and that Anderson had no title thereto. From judgment in accordance with this finding Anderson has appealed.
 
 
 2
 The evidence shows that the land conveyed by Smith was surveyed by one Carberry who divided it into lots and sections and made a plat showing the division. The deeds to both Simmons and Corcoran referred to this Carberry plat, and the evidence shows that the land was sold with reference thereto. The deed to Simmons conveyed section 26 as shown by the plat, and the deed to Corcoran, lots 1 to 43 as shown thereon, being lots fronting on the Potomac River and known as the 'Quarry Lots'. Section 26 adjoined the quarry lots, the plat showing a common boundary, a straight line, between section 26 and those lots.
 
 
 3
 Anderson contends that the deed to Simmons covers the land in controversy on the basis of a result reached by reversing the calls of the deed from the fourth corner, a large old oak tree, which was the only monument of boundary called for that was located. The third call in the deed is for a distance of 78.72 perches; and by running this in the reverse direction, the result is to carry the line of section 26 over on the quarry lots as shown on the Carberry plat and thus cover the two and one-half acres in controversy. Anderson contends that, as the old oak tree is the only monument to be found, he is entitled to run the lines of the deed in reverse from that corner for the purpose of locating the beginning corner, as the deed could not be located otherwise. For this he relies upon such cases as Ayers v. Waston, 137 U.S. 584, 11 S.Ct. 201, 34 L.Ed. 803, and Richmond Cedar Works v. West, 152 Va. 533, 147 S.E. 196.
 
 
 4
 The answer to this, as pointed out by the judge below, is that the call of 78.72 perches as the length of the third line in the deed from Smith to Simmons is manifestly a mistake. As heretofore stated, both deeds call for the Carberry plat which shows a common boundary between section 26 and the quarry lots. It shows also that 78.72 perches is not the length of the line of section 26, which is the third call of the deed to Simmons, but is the length of an outside line of the larger tract of which section 26 was a subdivision. A location based on reversal of lines, where a clear mistake of this sort appears, cannot be allowed to prevail over a location established by a plat for which the deed itself calls, and which, for the purpose of the case, must be regarded 'as an artificial monument adopted by the parties to the original conveyance'. Wilson v. Chicago Lumber & Timber Co., 8 Cir., 143 F. 705, 712; Noonan v. Lee, 2 Black 499, 509, 67 U.S. 499, 509, 17 L.Ed. 278; Cragin v. Powell, 128 U.S. 691, 696, 9 S.Ct. 203, 32 L.Ed. 566; United States v. State Inv. Co., 8 Cir., 285 F. 128, affirmed 264 U.S. 206, 44 S.Ct. 289, 68 L.Ed. 639; John L. Roper Lumber Co. v. Hinton, D.C., 260 F. 996, 1004, affirmed 4 Cir., 269 F. 574; 8 Am.Jur. 786; note 129 Am.St.Rep. p. 1013. The Carberry plat shows clearly that in reversing the call of the deed to Simmons from the fourth corner, the boundary line between section 26 and the quarry lots, which is a straight line, is reached before the end of the 78.72 perches of distance. Running the line in reverse, therefore, does not help Anderson, who must stop when he reaches the boundary as shown by the plat which is called for by the deed to Simmons.
 
 
 5
 The location of the boundary line between section 26 and the quarry lots as shown by the Carberry plat was a question of fact, upon which we must accept the finding of the trial judge, unless we are prepared to hold that such finding was clearly wrong, and we cannot so hold. On the contrary we think that the trial judge's finding was correct. The land in controversy must accordingly be held to be covered by the deed of the quarry lots to Corcoran and not by the deed of section 26 to Simmons, and the judgment appealed from must be affirmed.
 
 
 6
 Affirmed.