## NATHANIEL T. SHAW *vs.* GEORGE D. BISBEE, EXECUTOR.

### Oxford.    Opinion April 11,   1891.

*Deed.   Warranty.   Description.   Covenant.   Incumbrance.*

A grantor conveyed to the plaintiff a hotel and lot by the following description :
"A parcel of land situated in Buckfield village, and the buildings thereon,
known as the Buckfield House and stand, containing one acre more or less,
meaning to convey the same premises F. A. Warren conveyed to me."
Warren's deed conveyed the premises by the same general description.
Adjoining the hotel lot was a small triangular parcel that had been many
years unfenced and unused by its owner, forming a common ground with
the hotel lot, there being no visible line between the lots excepting at one
corner on the divisional line a granite post was set, and people were in the
habit of driving across this common ground when approaching the hotel
from a certain direction. The plaintiff was deceived by the situation and
use of the premises, supposing the small parcel to be a part of his purchase,
and conveyed the two parcels by metes and bounds to a third person as
the hotel property. Having suffered upon the warranty in his own deed, he
sues the executor of his grantor upon the warranty in his grantor's deed.
Had he investigated the meaning of the granite post, or explored the
registry of deeds far enough back to have found the first conveyance of the
hotel lot by metes and bounds, his error would have been prevented. *Held* :
That the action cannot be maintained.

Covenants of warranty in a deed are not qualified by a phrase at the end of
the description of the land, "being the same premises F. A. Warren con-
veyed to me," even if through Warren's deed an incumbrance was discoverable.
The reference was designed to help identify the premises conveyed, and not
to determine the quantity or quality of title.

FACTS AGREED.

Action of covenant broken.   From the agreed statement it
appeared that the action  was  brought against the defendant as
executor of Nathan Morrill, deceased, for  alleged breaches of
the covenants contained in a warranty deed of certain premises
in Buckfield, given by said Morrill to  the plaintiff on the third
day of April, 1880.

The breaches alleged were, first, an incumbrance on that part
of the premises called the garden lot, in the nature of an ease-
ment owned by the proprietor of an adjoining lot that no
buildings should ever be erected or placed on said garden lot so
that the prospect from a certain dwelling house on said adjoining
lot should be obstructed ; also, second, that defendant's testator,

at the time of the execution and delivery of said deed, was not seized in fee of, nor had he the right to convey a certain triangular piece of land alleged by the plaintiff to be a part of the premises described in said deed.

The parties stated their case as follows :—

"It is agreed that said Morrill is deceased, and that said George D. Bisbee has been duly appointed executor of his will and qualified as such ; that said deed from Nathan Morrill to the plaintiff was duly executed and delivered to the plaintiff at the date thereof and was, therefore, properly recorded in the registry of deeds for Oxford County ; that said garden lot was at the date of said deed, and had been for fifty years, a part and parcel of the premises described in said deed ; that the record title to said triangular piece was not at the date of said deed in said Nathan Morrill, but that said piece lay between the garden lot and the Paris road without any bounds or distinguishing marks between the two pieces excepting a stone post standing at the northwest corner of said garden lot, so-called, and the northeast corner of said triangular piece, and had thus laid for nearly fifty years and nothing to distinguish it from the hotel grounds proper excepting said stone post.

"It is further agreed that, on the delivery of said deed, the plaintiff entered into the possession of the said premises conveyed to him by the same and occupied same until the eleventh day of May, 1882, when he duly executed to Messrs. Rawson and Tobin his warranty deed of certain premises including said garden lot and said triangular piece ; that on the ninth day of December, 1886, said Rawson and Tobin commenced an action against the plaintiff for a breach of the covenants in his deed to them of said garden lot and triangular piece, the breaches alleged being the same alleged in the declaration in this case, and for the same incumbrance and want of title ; that said action was duly entered in the Supreme Judicial Court for Oxford County ; that while said action was pending in said court on the 27th day of September, 1887, said defendant as Executor of said Nathan

Morrill's will, by order of said court was duly summoned in to defend said action, but he neglected to appear and defend same; that thereupon said action was referred to Hon. William Wirt Virgin, the presiding judge, Benjamin Spaulding and Charles B. Atwood; that the said referees heard said case and returned their award to court; that said award was accepted and judgment entered upon the same; that by the judgment of said court in said case the plaintiff was required to pay, and did pay, the sum of ninety-nine dollars and seventy-five cents on account of the said incumbrance on said garden lot, and the further sum of ninety-nine dollars and seventy-five cents for want of title to said triangular piece, with costs of court taxed at seventeen dollars and thirty-seven cents, and has paid an additional sum of forty dollars for counsel fees and expenses in defending said action; that whatever incumbrance on the garden lot was proved in that case existed the same at the time of the execution and delivery of the deed from Morrill to the plaintiff.　.　.　.

"It is further agreed that in case the court shall find the defendant responsible for either breach alleged, then the damage for the same shall be the amount found by the referees for such breach, in the former case, with such sum added thereto for costs and counsel fees in the former suit as the court may award."　.　.　.

*Geo. A. Wilson*, for plaintiff.

Counsel cited: *Hardy* v. *Nelson*, 27 Maine, 526; *Hamilton* v. *Cutts*, 4 Mass. 349; 3 Wash. R. P. (3d Ed.) p. 334; *Carpenter* v. *Millard*, 38 Vt. 9; *Woodman* v. *Smith*, 53 Maine, 79; *Cilley* v. *Childs*, 73 Maine, 133.

*Geo. D. Bisbee*, for defendant.

The triangular piece not conveyed to plaintiff. Says SHEPLEY, J., in *Field* v. *Huston*, 21 Maine, p. 72, "It is true that when reference is made in a deed of conveyance to other deeds by any definite description they are to be regarded as parts of the conveyance. The intention of the parties that they should be is clearly made known." Morrill in his deed followed this rule. He distinctly stated that he conveyed the same premises con-

veyed to him by F. A. Warren in February, 1880. This makes the Warren deed to Morrill part of the description of the deed from Morrill to Shaw.

Garden lot not conveyed to plaintiff free from incumbrance.

By a chain of title commencing with this plaintiff, following back step by step from grantor to grantor, each deed either containing a general description and being a reference deed or a quit-claim deed, we are brought to an original deed, properly executed and duly recorded, which fully describes the land conveyed and does not convey the garden lot free and clear of all incumbrances; but specifically makes a reservation of the right to erect any buildings on this garden lot that may obstruct the view from the Long stand, or in other words, fully recognizes the easement over this piece of ground that the Long stand legally enjoys, and makes the western bounds of the land conveyed, the eastern bounds of the triangular piece, then called the "Zadoc Long land on the Paris road," thereby positively excluding the triangular piece from the land conveyed.

PETERS, C. J. Nathan Morrill, by his deed of warranty, conveyed a hotel and land surrounding it to the plaintiff, the description in the deed being general and not by metes and bounds. The plaintiff undertaking to convey to another the same premises with a description of metes and bounds, by mistake included in the description a triangular parcel of land adjoining the hotel lot but not a part of it. Having been sued on his covenants for the value of the parcel not belonging to him, and paying the damages to his grantee, he now seeks to recover equivalent damages from the executor of his grantor.

The ground of the claim is that the general description in Morrill's deed apparently, if not really, embraced the adjoining parcel, and that the plaintiff, not unreasonably, was deceived by the description. The parcel alluded to formed a sort of common with the lot surrounding the hotel, having been for many years unfenced and unused by its owner, and the public were accustomed to drive over it considerably, as a convenient cut-across to the hotel. There was nothing to distinguish any line between the two lots, excepting at one corner of the triangle there had

been for many years a granite post on the line between them. The triangular parcel was not a necessary adjunct of the hotel for any purpose, but added to its convenience.

The description of premises in Morrill's deed to the plaintiff is this : "A parcel of land situated in Buckfield village, and the buildings thereon, known as the Buckfield House and stand, containing one acre more or less, meaning herein to convey the same premises deeded by F. A. Warren to me." Warren's deed also contained the same general description, but the person who first conveyed the land for a hotel lot, as the records show, bounded it accurately by metes and bounds. Had the plaintiff inquired out the meaning of the granite post, plainly seen, or looked back in the registry of deeds, he would not have been misled. The error seems to have been his own, and he cannot recover for his loss. The case of *Woodman* v. *Smith*, 53 Maine, 79, relied on by the plaintiff, on close examination will not be regarded as supporting his claim.

On the other count in the writ, the plaintiff presents an unanswerable claim. It appears that there was in a coterminous owner a right of unobstructed look-out over the premises, a negative easement, reserved to him in some afar-back deed, which Morrill was not aware of during his ownership, the easement constituting an incumbrance under his unqualified warranty. The only defense pretended against this claim, is that, if Morrill had looked back to a record of the early conveyance, each deed since in the line of title referring to a preceding deed, he would have discovered that such an easement rested on the land. But a reference in deeds to the registry of prior deeds, unless expressly appearing otherwise, is only intended to help identify the premises conveyed, and not to determine the quality or quantity of the title. Otherwise it would be hazardous to accept deeds containing such references. Grantees would be too easily deceived by them. *Hathorn* v. *Hinds*, 69 Maine, 326.

*Defendant defaulted.*

WALTON, VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.