ARLENA M. PERRY, Otherwise LINNIE MAUD PERRY

*vs.*

CHARLES R. BUSWELL.

Penobscot.    Opinion June 29, 1915.

*Construction.    Description.    Intention.    Purposes of References to Prior*
*Conveyances.    Real Estate.    Reference to Other Deeds.    Title.    Trover.*

A person owning a homestead situated partly in Exeter and partly in Garland, conveyed "all my right, title and interest to certain real estate situated in the town of Exeter  .  .  .  .  being my homestead place and the same real estate described in a mortgage given by me to J. A. B. under date of August 17, 1909, and recorded in Penobscot Registry of Deeds in Vol. 795, Page 471, to which mortgage reference may be had for a full and particular description." The description in the mortgage referred to was, "a certain lot or parcel of land known as the homestead of said J. A. B., lying a part in said town of Exeter and part in Garland," etc.

1.   *Held,* that the deed conveyed that part of the homestead which lay in Garland as well as the part in Exeter.

2.   The cardinal rule for the interpretation of deeds is the expressed intention of the parties gathered from all parts of the instrument giving each word its due force, and read in the light of existing conditions.

3.   A reference in a deed to other deeds, when it appears that it was so intended, makes them a part of the description, as much as if their language had been incorporated and copied as a part of it.

On report. ' Judgment for defendant.

This is an action of trover for the conversion of certain goods and chattels, described in plaintiff's writ.   The question involved is the title to certain real estate in Garland, Maine.   Plea, general issue, with brief statement, claiming title to the land on which the logs were cut to be in defendant and not in plaintiff.

At the conclusion of the evidence, by agreement of parties, the case was reported to the Law Court.   Upon so much of the evidence as is legally admissible, the Law Court shall render such judgment as· the law and the evidence require.

The case is stated in the opinion.

*Louis C. Stearns, and George H. Worster,* for plaintiff.

*Hudson & Hudson,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, BIRD, HALEY, PHILBROOK, JJ.

SAVAGE, C. J. This case comes up on report. The question involved is the title to certain real estate in Garland. The facts are not in dispute. In 1869, George S. Hill was the owner of "a homestead farm" situated partly in Garland and partly in Exeter. He took title to the part in Garland and to the part in Exeter by separate deeds, at different times. Hill conveyed the whole to one Brown, and Brown to one Gould. Gould mortgaged back to Brown, August 17, 1909. The description in the mortgage was "a certain lot or parcel of land known as the homestead of said James A. Brown, lying a part in said town of Exeter and part in Garland in said county of Penobscot and being the same premises" described in certain title deeds referred to. In 1913 Gould conveyed to the defendant, "all my right title and interest to certain real estate situate in the town of Exeter, county of Penobscot, and State of Maine, being my homestead place and the same real estate described in a mortgage given by me to James A. Brown under date of August 17, 1909, and recorded in Penobscot Registry of Deeds, in Vol. 795, Page 471, to which mortgage reference may be had for a full and particular description." Subsequently Gould gave a deed of that part of the homestead which lies in Garland to one Appleby, through whom the plaintiff claims. title.

The defendant contends that the entire homestead farm, the part in Garland, as well as the part in Exeter, came to him by Gould's deed. The plaintiff claims that the Gould deed conveyed only land in Exeter. The first phrase in the description in the Gould deed, "certain real estate situate in the town of Exeter," standing alone, certainly limits the grant to land in Exeter. Can the grant be enlarged by the phrase "being my homestead place," without words of limitation, and by the reference to the Brown mortgage, which describes the homestead farm as being in both Exeter and Garland, and which is referred to for "a full and particular description?" And if it can be, should it be so enlarged? These are the questions.

The cardinal rule for the interpretation of deeds and other written instruments is the expressed intention of the parties, gathered from all parts of the instrument, giving each word its due force, and read in the light of existing conditions and circumstances. It is the intention effectually expressed, not merely surmised. This rule controls all others. Technical rules of construction of deeds may be resorted to as an aid in getting at the intention. And technical rules may be controlling, when nothing to the contrary is shown by the deed. The ancient rigidity of technical rules has given way in modern times to the more sensible and practical rule of actual expressed intention. *Child* v. *Fickett*, 4 Maine, 471; *Pike* v. *Monroe*, 36 Maine, 309; *Hathorn* v. *Hinds*, 69 Maine, 326; *Proctor* v. *M. C. R. R. Co.*, 96 Maine, 458; *Whitmore* v. *Brown*, 100 Maine, 410; *Morse* v. *Phillips*, 108 Maine, 63.

Of all rules of construction none is more rigid than the one that where the language describing the grant is specific and definite, as for instance, by metes and bounds, the grant cannot be enlarged or diminished by a later general description, or by mere reference to deeds through which title was obtained. And this rule holds because the specific description is necessarily more indicative of intention than the general one. *Jones* v. *Webster Woolen Co.*, 85 Maine, 210; *Brown* v. *Heard*, 85 Maine, 294; *Reed* v. *Knight*, 87 Maine, 181; *Smith* v. *Sweat*, 90 Maine, 528; *Crabtree* v. *Miller*, 194 Mass., 123.

So, it is true that a general description may be made more certain, and be controlled by a later particular one, or by reference to prior deeds. In *Allen* v. *Allen*, 14 Maine, 387, "my homestead farm, being lot No. 13," was held to pass only so much of the homestead farm as lay within lot 13. In *Thorndike* v. *Richards*, 13 Maine, 430, "all that tract of land called and known by the name of Pitts or Beauchamp Neck," followed by metes and bounds, conveyed only so much of the Neck as lay within the specific boundaries. In *Haynes* v. *Young*, 36 Maine, 557, "lot No. 170," followed by metes and bounds the grant was restricted to land within the boundaries described. In *Stewart* v. *Davis*, 63 Maine, 539, "the farm on which I now live being lot 9," conveyed only so much of the farm as was within lot 9. See also, *Bates* v. *Foster*, 59 Maine, 157; *Hamlin* v. *Attorney General*, 195 Mass., 309.

In a few cases, a description in general terms followed by a more particular description, or by reference, for description, to a prior

deed, the language of the whole deed has led the court to give effect to the general description. Such cases are *Keith* v. *Reynolds,* 3 Maine, 393; *Willard* v. *Moulton,* 4 Maine, 14; *Childs* v. *Fickett,* 4 Maine, 471; *Field* v. *Huston,* 21 Maine, 69. See also, *Lovejoy* v. *Lovett,* 124 Mass., 270.

References to prior conveyances are made for varying purposes. They are made sometimes for the purpose of showing the source of title; sometimes to show the identity of the land conveyed; sometimes, and generally by way of caution, to afford a more definite description. It is probably true that in the larger number of cases the reference is made to show the source of title. For illustrations, see *Hathorn* v. *Hinds,* supra; *Shaw* v. *Bisbee,* 83 Maine, 400; *Jones* v. *Webster Woolen Co.,* supra; *Brown* v. *Heard,* supra; *Smith* v. *Sweat,* supra. In *Shaw* v. *Bisbee,* supra, the court said that "reference to prior deeds, unless expressly appearing otherwise, is only intended to help identify the premises conveyed, and not to determine the quality or quantity of title." But a reference to other deeds, when it appears that it was so intended, makes them a part of the description, as much as if their language had been copied as a part of it. *Field* v. *Huston,* supra.

The cases cited are enough to illustrate the application of the rule of construction by expressed intention to the ever varying phraseology of deeds. And construing the deed before us in the light of judicial authority we think it is reasonably certain that the parties intended it as a grant of the "homestead place," both in Exeter and in Garland. We do not mean to say that it is absolutely certain. The omission of the word "Garland" in conjunction with the word Exeter in the first descriptive clause is not, of itself, without considerable significance. If not supplied by later description or reference, the omission would be fatal. But on the other hand, the expression "my homestead place," without words of limitation, has much significance. The grantor does not say "being a part of my homestead place," nor "being that part of my homestead place that lies in said Exeter." Some such expression we think would naturally be expected if a man were dividing up his "homestead place" and conveying part of it. The expression "homestead place," unqualified, means, of course, the entire homestead place. But besides saying that the land granted was his "homestead place," without designation of locality, the grantor adds to this description the words

"and the same real estate described in a mortgage," etc., "to which mortgage reference may be had for a full and particular description." The use of the phrase "certain real estate situated in the town of Exeter" had not located the land on the face of the earth. Nor had the expression "my homestead place," of itself, located it in any town. Then the grantor added the reference "for a full and particular description." It may be that the words "my homestead place," or the reference, either, alone, ought not to overcome the limitation in the first phrase to "real estate in Exeter." But the use of both combined lends so much weight to the claim that the intention was to convey the entire homestead, that we think it should be regarded as decisive.

The cases relied upon by the plaintiff are not inconsistent with this conclusion. Indeed, they all are good illustrations of the rule of expressed intention. In *Peasley* v. *Drisko*, 100 Maine, 17, the grant was of "a lot of meadow land, the same deeded to me by John Burns, meaning and intending to convey all my right in fresh meadow lands." The deed of Burns referred to included both upland and meadow. This was a case of a general description followed, by reference, by a more particular one. The plaintiff invoked the rule that when a general description is followed by a specific one, the latter controls. The court said:—"The reference to another deed does not necessarily make the boundaries named in that deed the boundaries of the lot named in the first deed. The language may show that the reference was only to state the source of title, or to identify the lot, and not for statement of boundaries. Again, the rule invoked is limited to the evident subject matter of the conveyance." And the court concluded, considering all the language of the deed, that the subject matter of the conveyance in that case was meadow land only, and that the reference to the Burns deed was not to fix boundaries, but to identify the land.

In *Brunswick Savings Inst.* v. *Crossman*, 76 Maine, 577, the Court said that a general reference to a prior deed, whether as indicating the source of title, or as a matter of description, did not necessarily control a prior specific description by metes and bounds, much less, enlarge it. We say so now. But that is not this case.

The case of *King* v. *Little*, 1 Cush., 436, is in some aspects more like the case at bar. In that case a grantor conveyed all his interest in a tract of land in Great Barrington, "being the same that was

devised" etc. The devise included lands in both Great Barrington and Sheffield. This was a case of one general description followed by another, even more general, so far as any expression in the deed was concerned. Under these conditions the court said: "We do not feel authorized to give effect to the conveyance as a deed of lands in Sheffield.

In *Lovejoy* v. *Lovett*, 124 Mass., 270, also cited by the plaintiff, the grant was by metes and bounds, "being the same premises conveyed" etc. The deed referred to included more land than that described in the grant. The court said that the reference was entitled to some weight, but that it was not enough to overcome the inferences to be drawn from the other parts of the deed. And it was held that the particular description showed with reasonable certainty that only the smaller area was intended to be conveyed, and that the reference to the prior deed was made for the purpose of showing the chain of title, and not for fixing the metes and bounds.

Accordingly the certificate must be,

*Judgment for the defendant.*