TROTT *v.* JOSLYN.

DEEDS—CONSTRUCTION OF DEED.

> Where plaintiff held 1.35 feet of lot 9 in a city block by adverse possession and later the whole lot was conveyed to her by G. by quitclaim deed, her deed conveying all of lot 9, "being the property purchased by me from G.," *held,* not to reserve the 1.35 feet which she had held by adverse possession, since both the deed to her and her deed to defendants' grantor in plain and unambiguous language expressly conveyed all of lot 9, the language quoted serving no purpose but that of further identification and to show source of title.

Error to Muskegon; Vanderwerp (John), J. Submitted January 19, 1923. (Docket No. 62.) Decided March 23, 1923.

Ejectment by Elizabeth C. Trott against Tony H. Joslyn and another. Judgment for plaintiff. Defendants bring error. Reversed, and no new trial ordered.

*Philip W. Kniskern,* for appellants.

*Bunker & Rogoski,* for appellee.

CLARK, J. Plaintiff owned and occupied lot 8, block 328, city of Muskegon. She held by adverse possession a strip about 1.35 feet in width, of lot length, from adjoining lot 9. On August 25, 1917, she purchased lot 9 from the Grand Rapids Trust Company, the quitclaim deed describing the lot:

"Lot number nine (9) of block three hundred twenty-eight (328) of the revised plat of the city of

Muskegon, as approved by the common council of said city April 9, 1903," etc.

Later she conveyed by quitclaim deed to Frank Trott the following:

"All of lot nine of block three hundred twenty-eight (328) of the revised plat of said city, dated in the year 1903, being the property purchased by me from the Grand Rapids Trust Company for the sole use and benefit of Frank Trott and assigns, the grantee named herein, which deed is dated August 25, 1917," etc.

Later Frank Trott and wife conveyed by warranty deed lot 9 to defendant Lola Joslyn who took possession of all of the lot.   Tony H. Joslyn, the other defendant, is the husband of Lola Joslyn.   Plaintiff brought ejectment for the strip and had judgment in a trial without a jury in which findings of fact and conclusions of law were made and to which due exceptions were taken.   Defendants bring error.

The findings do not support the judgment.   The deed of the Grand Rapids Trust Company to plaintiff was for all of lot 9.   She deeded all of lot 9 to Frank Trott.   The language "being the property purchased by me from the Grand Rapids Trust Company" used in her deed to Trott cannot be construed to reduce the quantity conveyed.   It can serve no purpose but that of further identification and to show source of title.   18 C. J. p. 281, and cases cited.

The language of both deeds is plain and unambiguous and it must control.   If plaintiff intended to convey to Trott but a part of lot 9 such intention must be held here to have been secret and unexpressed and of no force as against the plain expressions of the deeds. See 18 C. J. pp. 254, 257, 281; 8 R. C. L. pp. 1039-1071.   The cases of *Jones* v. *Pashby,* 62 Mich. 614, and *Mullreed* v. *Thumb,* 116 Mich. 440, cited by coun-

sel, are clearly distinguishable as having uncertainty and ambiguity of description requiring construction.

Reversed without new trial, and with costs of this court to defendants.

WIEST, C. J., and FELLOWS, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.