**David FRENCH**

v.

**Kate HILLMAN et al.**

Civ. A. No. 688.

United States District Court
W. D. Virginia,
Abingdon Division.
April 17, 1963.

**118**

S. H. Sutherland, George C. Sutherland, Clintwood, Va., for plaintiff.

Fred C. Parks, Abingdon, Va., S. W. Coleman, Jr., Gate City, Va., for defendants.

HAYES, District Judge.

The plaintiff has sued to recover a tract of land containing 1035 acres, claiming title thereto under a deed from Martha T. Kennedy Davenport to G. Mark French and adverse possession thereunder. He concedes that the grantor had no title to any land except the Sallie J. Riner 531 acre tract. The defendants disclaimed any interest in so much of the land mentioned in the deed as the Sallie J. Riner share allotted to her in the division of her father's estate which contains 531 acres.

The case here is determined by the proper construction of the Davenport deed. The other issues are governed by it. The description in the deed is as follows: "All that certain tract or parcel of land situate, lying and being on Powell's Mountain in Scott County, Virginia, and near the Wise County line, being the lands upon which Sallie J. Riner and her husband J. M. Riner now live and have lived for many years, and being the lands laid off and assigned to the said Sallie J. Riner in the partition suit of her father, John Osborne's estate and adjoining the lands of Patrick Hagan's estate, Mattie E. Ewing and Jim I. Edwards, (including all the land between the lands of Hagan's estate and the Ewing tract and Jim I. Edwards tract, and is bounded by the lines of said tract of land above set forth) and reference is hereby made to a deed executed by S. H. Bond, Special Commissioner in said partition suit to Sallie J. Riner and recorded in the Clerk's Office of Scott County, Virginia; but said tract of land includes on the West side of said original tract as laid off and assigned to Sallie J. Riner, ninety-three acres, which was inadvertently left out of Commissioner's deed, but which was left from John Osborne's estate to said Sallie J. Riner; said tract or parcel of land containing five hundred thirty one (531) acres, be it the same, more or less". The clause which I have enclosed in parenthesis is in conflict with the other description set forth and since there is an ambiguity or conflict we must determine the intention of the parties from the language in the deed and the surrounding circumstances.

The whole evidence shows beyond controversy that Sallie J. Riner never owned or claimed any land except that which was allotted and assigned to her in the partition of her father, John Osborne's estate. The judgment roll of that partition suit shows how the John Osborne land was divided into 14 lots and surveyed by metes and bounds. Under that partition she got the 531 acres and the court appointed Special Commissioner, S. H. Bond to execute a deed to her for her share of the land. By inadvertence Commissioner S. H. Bond omitted a 93 acre tract which was allotted to Sallie J. Riner. Her brother, Jessie Osborne was allotted the 300 acre tract, by actual survey, South of her share which he deeded to Henry W. Osborne and is now claimed by defendants who are heirs of Henry W. Osborne, deceased, and which tract was never claimed or occupied by Sallie J. Riner. Therefore any land other than that allotted to her from her father's estate was never known or recognized as the Sallie J. Riner land. The 300 acre tract on the South was known and recognized as the Jesse Osborne tract and those-

claiming under him. Excluding the clause in parentheses all of the description identifies the land being conveyed as the Sallie J. Riner land which was allotted to her out of her father's estate and which was deeded to her by S. H. Bond, Special Commissioner. It seems clear that the clause in parentheses was intended as an additional identification of the land allotted to Sallie J. Riner from her father's estate and was not intended to embrace any lands other than that so allotted to her. It is unlikely that the grantor or grantee placed any different construction on it. The reference in this description to the partition proceedings dividing her father's estate and to the deed from S. H. Bond, Special Commissioner, had the effect of incorporating those documents into the deed and from these it was easy to see precisely what land was assigned to Sallie Riner. These records show conclusively that her land adjoined Ewing tract on the East, Edwards tract on the North, Hagan tract on the West, her brother Jesse's share on the South, but her land was never surrounded entirely by the Ewing, Edwards and Hagan land. Hence the clause in parentheses conflicts with the other and more positive identification of the land embraced in the Davenport deed to French and must be rejected because it conflicts with the accurate description.

It is significant that when Sallie J. Riner and husband encumbered their land to secure an obligation, the conveyance did not contain the clause in parenthesis. When it was foreclosed by John F. Sergent, Commissioner and deeded to Davenport, dated December 29, 1933, it did not contain that clause. Davenport conveyed it to French February 13, 1934. There was nothing to indicate that Davenport had acquired title to any land other than the Sallie J. Riner land or intended to convey any land other than that and it is not believed that the lawyer grantee really expected to get any land other than the Sallie J. Riner land to which repeated and specific reference was made. This construction is in harmony with the law in this circuit. John

L. Roper Lumber Co. v. Hinton, 4 Cir., 269 F. 574, affirming same case heard by Judge H. G. Connor, 4 Cir., 260 F. 996. There Hinton owned a 5000 acre tract of land known as Juniper Swamp which Hinton acquired by deed from Hamlin L. Epps to which reference was made. Inside of this swamp were two small tracts owned by Hinton,—one for 83 acres known as Thornton tract and one for 141 acres known as Gales tract,—title to which Hinton derived from sources other than Epps. Although Hinton had warranted the title to the 5,000 acres, the Court held that the reference to the Epps conveyance and source of title excluded the two small tracts from the Hinton deed. The principles of construction employed there are decisive of the instant case, and they are in accord with authorities elsewhere. 26 Cor.J. Deeds Section 82; 16 Am.Jur. Deeds, Sec. 168, 285–289; 8 R.C.L., Deeds Sec. 92.

We therefore construe the clause in question as another means of trying to identify the Sallie J. Riner land but being clearly inconsistent with the true identity of the land intended to be conveyed, it must be rejected. The plaintiff's deed therefore covers all the Sallie J. Riner land allotted to her in the partition of her father's estate and no other lands. Prentice v. Northern Pacific R. R., 154 U.S. 163, 14 S.Ct. 997, 38 L.Ed. 947.

There is another fatal bar to plaintiff's recovery. There is insufficient evidence to sustain a finding that the land referred to in the clause in question was completely surrounded by the Ewing, Edwards and Hagan tracts at the time of conveyance in Feb. 1934.

It is true that Mr. G. Frank French said he knew where the Hagan, Ewing and Edwards lands were located and he claimed all the land inside that boundary, yet his general statement does not indicate the sources or reasons for the basis of such knowledge. Boundary lines of three tracts of land can not be accepted upon such a general statement. If plaintiff is to be permitted to adopt for

the boundary lines of his land the lines of the adjacent tracts, the burden is on him to do so by competent evidence and by a preponderance thereof. Here it is not shown.

If the evidence had sustained that important fact, plaintiff still is not entitled to recover because that description is clearly contrary to the intention of the parties in describing the Sallie J. Riner land—the whole subject of the conveyance. To hold otherwise would tax our credulity. The clause is clearly in apposition to more definite description of the land conveyed and cannot be allowed to embrace additional land never owned or claimed by Sallie Riner. See Prentice v. Northern Pacific R. R., supra. See extensive note in Pierce v. Adams, 137 Me. 281, 18 A.2d 792, 134 A.L.R. 1033, and annotation, pages 1041–1049. It is incredible that Martha Kennedy Davenport intended for her deed to G. Frank French to embrace any land other than the Sallie J. Riner tract. She conveyed it to grantee French within 46 days after she acquired it. It is perfectly obvious that she was conveying the same land to which she had so recently acquired title. It is further incredible that a lawyer like Mr. French who not only had enjoyed a long and extensive practice and had purchased 200 tracts of land and who abstracted the title to the land in question, thought he was acquiring any land except the Sallie J. Riner tract of 531 acres. His paid tax receipts for the years 1948, 1949, 1950, 1951, 1952, 1953 and 1960 show he paid taxes on 530 acres.

The plaintiff now claims the land described in the clause in parenthesis embraces 1035 acres, exclusive of a tract of 101 acres owned by the U. S. Government inside the boundary. He concedes Davenport had no title except to the Sallie J. Riner tract but insists that Davenport actually conveyed this boundary to him which includes the Riner tract of 531 acres and 504 acres more and contends that his actual adverse possession of the Riner land, though only a part of the land, by constructive possession extends to the entire boundary. Ellicott v. Pearl, 10 Pet. 412, 35 U.S. 412. It is conceded that the land in dispute is timbered mountain land. There is an utter absence of proof of any acts of adverse possession by plaintiff of the land in dispute. If it were true that the Davenport deed included the land in dispute, the fact remains that no act on plaintiff's part was sufficient to put the true owner on notice that French was asserting adverse possession to the land in dispute.

Generally possession of part of a tract of land described by metes and bounds extends to the entire tract. Ellicott v. Pearl, supra. There are exceptions to that rule. Carter v. Ruddy, 166 U.S. 493, 17 S.Ct. 640, 41 L.Ed. 1090 Amer.Jr. Section 208. Here it is necessary to recognize conflicting presumptions. Since Sallie J. Riner and Jesse Osborne derived their title to all of the land from their father's estate, Riner taking of her share and Osborne of his, Osborne and those claiming under him had a good title to his 300 acre tract and the constructive possession of it. Where neither is in actual possession the holder of the better title must prevail over the other claimant. 1 American Jur. sec. 209; Green v. Liter, 8 Cranch 229, 230, 12 U.S. 229, 230, 3 L. Ed. 545. The actual possession of the Sallie Riner tract constituted no notice to those claiming under Jesse Osborne, nor did it constitute an ouster of them, entitling them to institute legal action against French.

The rule provides that mere color of title without adverse possession thereunder does not give constructive possession and amounts to nothing unless connected with an adverse possession. I Amer.Jur. sec. 207. Craig-Giles Iron Co. v. Wickline, 126 Va. 223, 101 S.E. 225.

For the reasons stated above the objections by plaintiff to the findings of fact and conclusions of law are overruled and they are hereby approved.