David FRENCH, Appellant,

v.

Kate HILLMAN et al., Appellees.

No. 9060.

United States Court of Appeals Fourth Circuit.

Argued Nov. 14, 1963.

Decided April 15, 1964.

S. H. Sutherland, Clintwood (S. H. & Geo. C. Sutherland, Clintwood, on the brief), for appellant.

Samuel W. Coleman, Jr., Gate City, Va. (Fred C. Parks, Abingdon, Va., on the brief), for appellees.

Before HAYNSWORTH and BRYAN, Circuit Judges, and CRAVEN, District Judge.

PER CURIAM.

In this action of ejectment, the plaintiff's contention that he is the lawful owner of the real estate in controversy is bottomed upon a claim of constructive possession under color of title. The plaintiff claims under a deed which, unquestionably, conveyed to his predecessor in title a tract adjoining the land in dispute. He points to some words in the deed which might include the tract in dispute as well as the tract clearly intended to be conveyed. The District Judge, however, did not so construe the deed. He held that if the language upon which the plaintiff relies is inconsistent with the deed's reference to the remote grantor's source of title, the later reference discloses the specific intention of the parties and is controlling notwithstanding the earlier language susceptible of a broader construction. The District Judge concluded that the deed to the plaintiff's immediate predecessor in title did not give his predecessor color of title to the land in dispute.

After full consideration of the briefs and the argument of counsel, we conclude that the District Judge properly decided the threshold question. We, therefore, affirm for the reasons stated by him in support of his conclusion that the plaintiff's predecessor had no color of title to the disputed land.[1]

Affirmed.

1. See French v. Hillman, et al., W.D.Va., 216 F.Supp. 117.