CHARLES McLAUGHLIN *vs.* BENJAMIN RANDALL.

Washington, 1875.—January 30, 1877.

*Deed.*

Land in this state cannot be conveyed by a written instrument without a seal. Nor can a "scroll" upon such an instrument have the effect of a seal.

ON REPORT.

WRIT OF ENTRY.

*Plea*, general issue, with a brief statement alleging adverse possession for over twenty years in the tenants and claim for betterments.

The demandant put into the case a deed of quitclaim from Columbus Cooper to Patrick McLaughlin admitted, for the purpose of the trial, to embrace a part of the demanded premises.

The demandant offered in evidence, an instrument, not under seal, signed by Patrick McLaughlin, the genuineness of the signature to which, for the purpose of the trial, was admitted. The tenant objected to the admission of this instrument as evidence of

title, because it had no seal, nothing but a scroll in place of a seal. The presiding justice ruled the instrument insufficient to convey the legal title for want of a seal, and excluded it.

Whereupon the case was withdrawn from the jury and reported to the full court, with the agreement, that, if in their opinion the instrument was sufficient to convey the legal title to the land, a new trial should be granted, otherwise, a nonsuit to be entered.

*A. McNichol*, for the plaintiff, submitted without argument.

*J. Granger & G. F. Granger*, for the defendant.

PETERS, J. Two questions may be regarded as presented here. First: Can land in this state be conveyed by a written instrument without a seal. Second: Has a "scroll" the effect of a seal.

There can be no doubt that land in this state cannot be conveyed by an instrument without a seal. By the common law, the earliest and the latest, a seal is regarded as an essential part of a deed. And such has been the common law of Massachusetts and Maine, ever since, and for a long period antedating, their existence as states.

In this state a scroll or scrawl is not a seal, nor does it have the effect of a seal. The old common law seal, in the time of Lord Coke, was wax, with an impression thereon. But the strictest requirement became relaxed by departures from it from time to time, until it was long ago held, that a seal by a wafer or other tenacious substance capable of being impressed, whether in fact impressed or not, was a sufficient seal. The annexing of a piece of paper by wafer or wax, or gum, or any adhesive substance, is now everywhere regarded as equivalent to the impression formerly required, and makes a valid seal. But in late decisions in Massachusetts and Maine, there has been a relaxation of the requirement beyond that. In *Hendee* v. *Pinkerton*, 14 Allen, 381, it was held that the impression of a seal of a corporation stamped upon and into the substance of the paper upon which the instrument is written which is designed to be sealed, was a good seal, although no wax, wafer, or other adhesive substance was used. Our own statutes allow the same mode of sealing official documents. R. S. c. 1, § 4, part 15. But in *Bates* v. *Boston & New*

*York Central R. R. Co.,* 10 Allen, 251, the Massachusetts court refused to recognize as a seal a *fac simile* of the seal of a corporation, printed upon blank forms of obligations prepared to be executed by the corporation, and by the corporation executed, with a declaration in the instrument describing the same as by them signed and sealed. Such *fac simile* is denominated by the court as simply a scroll made with types, and as no better than one made with pen and ink. In our own state the decision has been of an opposite character in a case, precisely like the one last quoted. In *Woodman* v. *York & Cumberland R. R. Co.,* 50 Maine, 549, it is decided that such an imprint upon a corporate bond is a valid seal.

It is to be confessed that there is not a very significant difference between such an indication of sealing, held to be sufficient in the latter case, and what is commonly called a scroll, such as is found upon the deed presented in the case at bar. How far the law requiring a seal upon deeds and other instruments, may be liberalized or otherwise, by future course of decision, or by legislative enactment, (as in many states,) we cannot now anticipate, and only decide that the common scroll made by the scrivener upon an instrument, in other respects a perfect deed, is not a seal such as is required by the usage, practice, and common or statute law of this state. See *Tasker* v. *Bartlett,* 5 Cush. 359; *Stebbins* v. *Merritt,* 10 Cush. 27, 34 ; *Bradford* v. *Randall,* 5 Pick. 496, 497 ; *Royal Bank of Liverpool* v. *Grand Junction R. & D. Co.,* 100 Mass. 444 ; Bou. Law Dic., Seal; 22 vol. Monthly Law Reporter, (Boston) 193 ; 1 Am. Law R., 638.

*Plaintiff nonsuit.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and VIRGIN, JJ., concurred.