RETIAH D. JONES *vs.* WEBSTER WOOLEN COMPANY.

Androscoggin.    Opinion December 14, 1892.

*Deed. Description. Reference to Record.*

Where land is conveyed by clear and complete description and no ambiguity is apparent on the face of the deed, and the grantor adds at the end of the description that the land conveyed is the same described in an agreement between him and another party, recorded in Androscoggin registry of deeds (Book 137, p. 62), the grantor (or his successor) cannot invoke a reference to the recorded agreement to show that a less amount of land was conveyed than, without the aid of the reference, is apparently covered by the deed.

AGREED STATEMENT.

This was a real action.    The opinion states the case.

*George C. Wing,* for plaintiff.
*N. and J. A. Morrill,* for defendant.

PETERS, C. J.    The demandant made a conveyance, to a person under whom the defendant corporation claims title to the demanded premises, which conveyance contains the following description of the premises conveyed:

"A certain lot or parcel of land situated in Lewiston and Webster, in said county of Androscoggin, on the Sabattus stream, and bounded on the north, south, and west by said stream, and on the east by land now or formerly in possession

of James F. Hirst and Stephen Bangs, and being the same agreed to be conveyed by me to said Bleakie, by articles of agreement made and concluded between me and said Bleakie,, dated January 1st, A. D., 1878, and recorded in Androscoggin County Registry of Deeds, Book 137, page 62."

The agreement referred to in this description was a lease, or contract of the nature of a lease, between the demandant and a. third party relating to the same land as above conveyed. The difference between the descriptions in the two instruments is, that the agreement contains the same specific boundaries that the deed does, and at the end of such description these words, besides: "So far as the same may be flowed by the dam as at present erected and maintained by the said Bleakie, on the said Sabattus stream, at his mill site in said town of Webster, or by any other dam erected and maintained by the said Bleakie, of the same height as the present dam."

The demandant contends that the reference in the conveyance to the agreement imports into the conveyance the words of description found in such agreement, just as effectually as if the same words had been inserted therein ; and that the words added to the description in the agreement lessen the amount of territory that would without the reference pass by the deed.

We are unable to concur in this proposition of the demandant's counsel. No ambiguity is discoverable in the description, contained in the deed. The boundaries seem to be complete in themselves. The reference is general rather than particular,. and was designed to identify locality rather than to make more certain any limits or bounds in the deed. It would be a hazardous policy to allow a grantor to. lessen the amount of land, apparently conveyed by his deed, by a general reference to some other deed or paper. Impositions could be easily practiced under such a rule, as grantees rarely pay much attention to such references or know whether they affect their interests or not. See, for a discussion of these questions, *Hathorn v. Hinds*, 69 Maine, 326.                                *Plaintiff nonsuit.*

WALTON, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.