## M. Lewis Bowman *vs.* Sidney Geyer.

Lincoln. Opinion October 8, 1928.

352

*A. D. Tupper,*
*George A. Cowan,* for plaintiff.
*Weston M. Hilton,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DEASY, BARNES, PATTANGALL, JJ.

PHILBROOK, J. On exceptions by plaintiff. This is a real action for the recovery of land. Jury trial waived, case heard in term time by the presiding Justice who made a finding and directed judgment for the defendant. Copies of certain deeds were offered by plaintiff and excluded. The first exception relates to these exclusions. The second exception is to the finding of the presiding Justice and to his directed judgment for the defendant. .

Exceptions lie to rulings of law only, not to findings upon questions of fact, and a bill of exceptions, to be available, must show clearly and distinctly that the ruling excepted to was upon a point of law and not upon a question of fact; nor upon a question in which law and fact were so blended as to render it impossible to tell on which the adverse ruling was based. *Laroche* v. *Despeaux,* 90 Me., 178; *Hurley* v. *Farnsworth,* 115 Me., 321.

It is conceded that Eliza D. Poland was owner of the demanded premises on January 16, 1893, at which time she executed, acknowledged, and delivered a deed thereof, complete in all respects except that it bore no seal, to Madge B. Curtis, who is now the wife of Sidney Geyer, the defendant. This deed is not contained in the record but according to the finding of the Justice in the court below

it was intended, by this instrument, to convey a vested estate in remainder with possession or enjoyment of the estate deferred until the death of the grantor. Mrs. Poland died, intestate, on December 7, 1897, leaving three daughters, Mary E. Keene, Lula Hanna and Julia E. Look, and the plaintiff, M. Lewis Bowman, grandson, who is also referred to, in the record, as Milford N. Bowman. On January 3, 1899, Mary E. Keene was appointed administratrix of the estate of Mrs. Poland. She gave an administratrix deed to Annie R. Poland dated September 4, 1899, which was offered by the plaintiff as exhibit 4 and was excluded subject to exception. On May 6, 1901, the same Annie R. Poland gave a deed to George E. Little which was offered by the plaintiff as exhibit 6, and was excluded subject to exception. On September 4, 1899, the same date as the administratrix deed to Annie R. Poland, Mary E. Keene gave an administratrix deed to Wendall P. Keene which was offered by plaintiff as exhibit 5, and was excluded, subject to exception. Thus it will be seen that during the trial exceptions were reserved to the exclusion of these three exhibits, but in the bill of exceptions presented for our consideration the plaintiff presses only the exceptions to the exclusion of exhibits 4 and 5. These rulings therefore constitute the ground of the first exception.

The plaintiff claims that the deed of Eliza D. Poland to Madge B. Curtis, now Madge B. Geyer, under date of January 16, 1893, conveyed nothing because the instrument bore no seal. He also claims that by inheritance, he being a grandson of Eliza, and by deeds from other heirs of Eliza, he has title to three-fourths undivided interest in the land described in the declaration, and that there was adverse possession of the property by the heirs of Eliza D. Poland and himself, acquiesced in by Mrs. Geyer, and abandonment of her rights thereto, if any she ever had.

As to the deed from Mrs. Poland to Mrs. Curtis, bearing no seal, the defendant claims that P. L., 1927, Chap. 212, Sec. 2, validated the same. That section makes many provisions for validation of deeds but the particular one relied upon by the defendant reads thus: "All deeds and other instruments, including powers of attorney, heretofore made for the conveyance of real property in this state, or any interest therein, and otherwise valid except that ·

the same omitted to state any consideration therefor, or that the same were not sealed by the grantors or any of them, such deeds are validated." It may here be properly observed that the deed in question was duly recorded in the office of the register of deeds, for the county in which the land laid, on January 17, 1893, the day following its execution and delivery, and it appears from plaintiff's testimony that although he claimed no actual knowledge of its existence yet he had heard something about it and that its existence was common knowledge among the heirs. This claim of validation by legislative act was sustained by the Justice below, the effect of which was to make the deed from Mrs. Poland to Mrs. Curtis, now Mrs. Geyer, a perfectly good instrument lodging complete title in the grantee, even though it had not been reformed by suit in equity.

"To be sure," says the finding in the court below, "the date of the writ in this action antedates the effective day of the statute, but where, as in the case at bar, the plaintiff may have succeeded to the rights of another, with no greater equities than that other had, the curative statute is applicable retroactively," citing *Cooley Const. Lim.*, 528; *Black Const. Law*, 754; *Pelt* v. *Payne*, 30 S. W., 426; 6 *Enc. of Law*, 940; 26 *Enc. of Law*, 698, 699.

The plaintiff claims that rights to which parties were entitled under prior law cannot be taken away by legislative act after suit brought, relying upon *Rogers* v. *Greenbush*, 58 Maine, 395, but an examination of the opinion in that case shows that the court held "There is no language in the new statute which indicates any intention in the legislature to make it retrospective, or to apply it to past transactions, or to interfere with actions pending. We never hold an act to be retrospective unless it is plain that no other construction can be fairly given."

This rule is in harmony with the well reasoned cases in courts of last resort. There is no general principle better established than that no statute ought to have a retrospective operation. In the absence of any contrary provisions all laws are to commence *in futuro* and act prospectively, and the presumption is that all laws are prospective and not retrospective. *Gerry* v. *Stoneham*, 83 Mass. (1 Allen), 319. It is a rule of statutory construction that all statutes are to be construed as having only a prospective construc-

tion, 36 Cyc., 1205, supported by a long list of authorities, unless the purpose and intention of the legislature to give them a retro-spective effect is expressly declared or is necessarily implied from the language used. 36 Cyc., 1206, 1207, and cases of abundant authority there cited.

But the presumption against the retrospective operation of statutes is only a rule of construction, and if the legislative intent to give a statute a retrospective operation is plain, such intention must be given effect, unless to do so will violate some constitutional provision. *Baldwin* v. *Newark*, 38 N. J. L., 158.

While the general rule is that statutes should be so construed as to give them only prospective operation, yet where the language employed expresses a contrary intention in unequivocal terms, the mere fact that the legislation is retroactive does not necessarily render it void. *Stephens* v. *Cherokee Indians*, 174 U. S., 445 ; 43 L. ed., 1041.

In the case at bar the very broad language used in the act of 1927 plainly shows the intention of the legislature to make the same retrospective in its effect. This being so the deed from Mrs. Poland to Mrs. Curtis conveyed title to her.

The defendant in a real action may show title in another person, *Rowell* v. *Mitchell*, 68 Maine, 21. The plaintiff having failed to show title in himself, and the defendant having shown title in another, under whom he had possession, warranted judgment for defendant.

The claims of the plaintiff based upon adverse possession and abandonment by Mrs. Geyer, mixed questions of law and fact, by the finding in the court below were impliedly, and we hold correctly, denied.

*Exceptions overruled.*