**Frank F. SABASTEANSKI**

v.

**Joseph A. PAGURKO et al.**

Supreme Judicial Court of Maine.

Aug. 11, 1967.

Verrill, Dana, Philbrick, Whitehouse & Putnam, by John A. Mitchell, John W. Philbrick, Portland, for plaintiff.

Henry Steinfeld and Sumner J. Goffin, Portland, for defendants.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE and WEATHERBEE, JJ.

WEBBER, Justice.

This was a real action brought pursuant to M.R.C.P., Rule 80A. It comes here on report on an agreed statement of facts.

Both parties claim ownership of a parcel of land in South Harpswell containing three acres. On September 20, 1960 this and other property was owned by the estates of Lena Calkins and Irving Calkins. On that date the executors of these estates joined by one Neill gave to Russell and Ma-

rian Given a deed of certain property including by specific description the three acre parcel here in dispute. *The deed was not under seal.* This deed was recorded on December 22, 1960. On September 20, 1960 the same grantors gave to the plaintiff a deed describing the land conveyed by lot number. One of the lots thus described *included the three acre parcel.* This deed, given under seal, was recorded on June 26, 1961, plaintiff then having no actual notice or knowledge of the Given deeds. The description therein closed with the f~llowing reference: "Meaning and intending to convey and hereby conveying the same premises conveyed to Lucia E. Calkins by deed dated February 28, 1919 and recorded in the Cumberland County Registry of Deeds in Book 1020, Page 195." In the deed thus referred to for source of title the three acre parcel *was specifically excluded.* By deed dated September 20, 1960, acknowledged March 29, 1961 and recorded April 6, 1961 and bearing the seal of each grantor, the same grantors conveyed to the Givens the same property described in their prior deed *excluding therefrom, however, the three acre parcel.* To the property thus described was added other property not included in the prior deed. The purpose of this deed was explained in the body of the description which stated: "This deed is given to correct the description given in a previous deed of same date and having been recorded in Cumberland County Registry of Deeds Book 258, Page 224 under date of December 22, 1960." By deed dated April 26, 1965 and recorded May 13, 1965 the Givens conveyed the three acre parcel, describing the same by metes and bounds, to the defendants. In 1965 the Legislature enacted a so-called curative statute (33 M.R.S.A. Sec. 353 as amended) which became effective September 3, 1965. This statute provided that deeds executed prior to January 1, 1961 and containing certain irregularities (including the lack of a seal) were validated and effective.

The first Given deed, not being under seal, conveyed no interest in real estate.

Hudson v. Webber (1908) 104 Me. 429, 72 A. 184; Emerson v. Shores, (1901) 95 Me. 237, 49 A. 1051; McLaughlin v. Randall, (1877) 66 Me. 226. The defendants, while not challenging the law as held in these cases, look to the validating effect of the statute to give life to the deed upon which they must depend.

 The curative statute was clearly designed to have retrospective application but such statutes must be carefully construed so as not to violate constitutional requirements. "There can be no doubt that Legislatures have the power to pass retrospective statutes, if they affect remedies only. Such is the well settled law of this State. But they have no constitutional power to enact retrospective laws which impair vested rights, or create personal liabilities." Coffin v. Rich, (1858) 45 Me. 507, 514; Inhabitants of Otisfield v. Scribner, (1930) 129 Me. 311, 314, 151 A. 670. The defendants rely heavily on Bowman v. Geyer, (1928) 127 Me. 351, 143 A. 272. This case involved a deed not under seal and the court held that under the circumstances there existing the validating statute, acting retrospectively, made the deed operative to convey title. Bowman was however a contest between the grantee of this validated deed and the heirs of the grantor. The court quoted with evident approval from the findings of the justice below in which he stated the limiting circumstances in these terms: " 'To be sure, * * * the date of the writ in this action antedates the effective day of the statute, but where, as in the case at bar, the plaintiff may have succeeded to the rights of another, *with no greater equities than that other had,* the curative statute is applicable retroactively, * * *.' " (Emphasis ours) Bowman is not to be read as permitting a statute to oust a third party who before the effective date of the statute has obtained vested rights. Our view of the applicable law is well stated in American Law of Property, Vol. IV, Page 836, Sec. 18.94 in these terms: "Curative acts are generally held to validate con-

veyances \* \* \* *ab initio* as to the original parties, and from the date of enactment only as to third parties. Perhaps it will be clearer to state that they are effective as to the original parties, their heirs, and probate representatives and as to assigns who do not pay a consideration since they are not considered as depriving any of these of vested rights, even though they do extinguish rights of action which would otherwise exist; but that they cannot be given effect as to purchasers, mortgagees, or judgment creditors, whose rights have attached intermediate between occurrence of the defect sought to be overcome and the passage of the statute." And to the same effect Patton on Titles, Vol. 1, Page 273, Sec. 83 wherein it is stated: "But because of the constitutional protection to vested rights, curative acts are inoperative, as to all innocent third persons who acquired their rights before enactment of the statutes."

■ Applying the law as thus stated to the facts of the instant case it follows that plaintiff was first to receive and record a valid deed of the three acre parcel and as a third party purchaser with vested rights, his title cannot be destroyed by the validating statute.

■ The defendants urge that plaintiff's deed, though describing land which includes the three acre parcel, did not convey that parcel because of the limiting effect of a reference to source of title as noted above. The law is otherwise and well settled. A reference to a deed as a source of title may aid in resolving an ambiguity in description but cannot be used to increase or diminish the quantity precisely described. The rule was stated in Pierce v. Adams, (1941) 137 Me. 281, 285, 18 A.2d 792, 794, 134 A.L.R. 1033, in these terms: "Of course the description of real estate appearing in some existing instrument or record may be incorporated in a mortgage by reference. That is well settled. But where a mortgage or deed contains a specific and definite grant of land by \* \* \* descriptive words \* \* \* or by some specific name by which it is known, so that it can be located, the title to the whole described or named parcel will pass, in the absence of anything in the deed itself indicating a different intention, although less than the whole parcel was covered by the description in the instrument or record to which only a bare reference was made." The rationale which underlines this rule was in part stated in Jones v. Webster Woolen Co., (1892) 85 Me. 210, 211, 27 A. 105 wherein the court said: "No ambiguity is discoverable in the description contained in the deed. The boundaries seem to be complete in themselves. \* \* \* It would be a hazardous policy to allow a grantor to lessen the amount of land, apparently conveyed by his deed, by a general reference to some other deed or paper. Impositions could be easily practiced under such a rule, as grantees rarely pay much attention to such references or know whether they affect their interests or not." In the instant case plaintiff's deed described two numbered lots by reference to a recorded plan. The boundaries were thus made accurate and precise and left no possible ambiguity. The grant could not be diminished by additional reference to another deed even though the reference expressed an intention to convey "the same premises" described in the former deed referred to.

Upon the stipulated facts the plaintiff has shown himself to be the owner in fee of the disputed three acre parcel. No damages are claimed. Judgment should be entered for the plaintiff for the land demanded and for costs. A writ of possession should be issued if required and requested by plaintiff.

So ordered.