STATE of Maine

v.

Annette C. CHAPMAN.

Supreme Judicial Court of Maine.

Argued Oct. 8, 1996.

Decided Nov. 18, 1996.

Michael P. Cantara, District Attorney, David Gregory (orally), Office of District Attorney, Alfred, for the State.

James S. Hewes (orally), Portland, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Defendant Annette C. Chapman appeals from a judgment entered in the Superior Court (York County, *Crowley, J.*) convicting her of operating a motor vehicle while under the influence of intoxicants, a Class D offense, in violation of 29–A M.R.S.A. § 2411(1) (1996).[1] The basis of Chapman's appeal is a ruling entered in the District Court (Biddeford, *Levy, J.*) denying her motion to dismiss the criminal complaint. The complaint alleged that defendant had a prior criminal

1. 29–A M.R.S.A. § 2411(1) provides:
   1. Offense. A person commits OUI, which is a Class D crime unless otherwise provided, if that person operates a motor vehicle:

   A. While under the influence of intoxicants; or

   B. While having a blood-alcohol level of 0.08% or more.

conviction for operating a motor vehicle while under the influence of intoxicants in 1986. This allegation subjected defendant to the minimum mandatory sentencing guidelines set out in 29–A M.R.S.A. § 2411(5)(B) (1996)[2]. Defendant contends on appeal that application of the minimum mandatory sentence in her case violates the *ex post facto and Due Process Clauses* of the United States and Maine Constitutions. Because the statute operates prospectively to define penalties for repeat offenses committed after the effective date of the statute, there is no constitutional violation and we affirm the judgment.

The facts may be summarized as follows: Defendant was convicted of operating a motor vehicle while under the influence of intoxicants in 1986. The present offense took place on September 30, 1995. After the District Court denied defendant's motion to dismiss the complaint, she entered a conditional guilty plea in the Superior Court pursuant to M.R.Crim.P. 11(a)(2) (1996), preserving for appeal the District Court's ruling. The Superior Court entered a judgment of guilty and sentenced defendant, pursuant to the enhanced sentencing provisions of section 2411(5)(B). Defendant now appeals.

Section 2411(5) defines the penalties for operating a motor vehicle while under the influence of intoxicants and the temporal limit of a prior offense for sentencing purposes. More severe penalties are established for persons who have two or three previous convictions *within a ten-year period.* Before 1995, the statute defined previous offenses as those occurring within a six-year period. Effective June 29, 1995, before defendant's September 30, 1995 offense, the temporal limit of section 2411(5) was amended to ten years.[3] Thus, defendant was subjected to an enhanced sentence even though the earlier version of the statute would not have permitted the 1986 conviction to be counted in 1995 as a previous offense.

■ Defendant argues that the application of the expanded ten-year limit to her case violates the *ex post facto* prohibitions of the United States and Maine Constitutions. The enactment by the state legislature of any *ex post facto* law is constitutionally prohibited.[4] A criminal statute will violate these constitutional prohibitions of *ex post facto* legislation only if:

> i) the new statute punishes as a crime an act that was innocent when done, or ii) if it makes more burdensome the punishment for a crime after its commission, or iii) if it deprives one charged with crime of a defense available according to law at the time the act was committed.

*State v. Joubert,* 603 A.2d 861, 869 (Me.1992) (summarizing *Collins v. Youngblood,* 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990)). Because section 2411(5) prospectively defines the penalties for future repeat offenses, and does not increase penalties for prior offenses, it creates none of the proscribed retroactive effects specified in *Joubert* and *Collins.* In *State v. Woods,* 68 Me. 409 (1878), we upheld a sentence enhancement statute for repeat offenses when the first offense occurred before the statute took effect. We stated:

> Nor is the law liable to objection as *ex post facto.* The offender is punished, not for

---

**2.** 29–A M.R.S.A. § 2411(5)(B) provides:
  5. Penalties. The following minimum penalties apply and may not be suspended:
  B. For a person having one previous OUI offense within a 10–year period:
    (1) A fine of not less than $600, except that if the person failed to submit to a test at the request of a law enforcement officer, a fine of not less than $800;
    (2) A period of incarceration of not less than 7 days, except that if the person failed to submit to a test at the request of a law enforcement officer a period of incarceration of not less than 12 days;
    (3) A court-ordered suspension of a driver's license for a period of 18 months; and

(4) In accordance with section 2416, a court-ordered suspension of the person's right to register a motor vehicle;

**3.** P.L.1995, ch. 368 § AAA–8, repealed and replaced 29–A M.R.S.A. § 2411(5).

**4.** U.S. Const. art. I, § 10, cl. 1 states in part: "No state shall ... pass any Bill of Attainder, *ex post facto* Law, or Law impairing the Obligation of Contracts ..." Me. Const. art. I, § 11 states: "The Legislature shall pass no bill of attainder, *ex post facto* law, nor law impairing the obligation of contracts, and no attainder shall work corruption of blood nor forfeiture of estate."

what he had done before the statute of 1877 took effect, but for his subsequent violation of the law with the increased penalty before his eyes.

*Id.* at 411. The same principle has been stated by the U.S. Supreme Court in *Gryger v. Burke,* 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948):

> The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.

*Id.* at 732, 68 S.Ct. at 1258.

Defendant seeks to distinguish *Woods* and *Gryger* on the grounds that these cases did not involve a prior legislative scheme with a shorter time limit. Defendant contends that because the 1995 ten-year limit includes a previous offense that was once excluded from the statutory calculation, she has been deprived of a defense. We rejected a similar argument in *State v. Vainio,* 466 A.2d 471 (Me.1983). Vainio was convicted of possession of a firearm pursuant to 15 M.R.S.A. § 393 which made it unlawful for a convicted felon to possess any firearm without a permit from the Commissioner of Public Safety. Prior to 1977, section 393 applied only for a five-year period from the date of release from prison or termination of probation for the underlying felony. Vainio's probation for the underlying felony ended in 1964. The 1977 version of section 393 removed the five-year limitation, and Vainio argued that its application to him deprived him of some protection to which he had become entitled under the pre–1977 law. We concluded that section 393 did not impose an additional penalty for past conduct, and that he was not deprived of "some protection to which he was constitutionally entitled." *Id.* at 475–476. When a statute defines penalties for future offenses, defendants are put on notice that they can no longer rely on the former statutory scheme for whatever defense or protection it may have provided. Defendant's due process claim fails for the same reason. After the effective date of the amendment in 1995, defendant had fair notice that a conviction for operating under the influence would subject her to the currently defined penalty.

Defendant's remaining arguments are without merit and require no discussion.

The entry is:

Judgment affirmed.

All concurring.