2005 ME 1

**MAINE CENTRAL RAILROAD**

v.

**DEPARTMENT OF TRANSPORTATION et al.**

Supreme Judicial Court of Maine.

Argued: Oct. 19, 2004.

Decided: Jan. 4, 2005.

Frederick J. Badger Jr., Esq. (orally), Mary F. Kellogg, Esq., Richardson, Whitman, Large & Badger, P.C., Bangor, for plaintiff.

Eric E. Wright, Esq. (orally), Richard N. Hewes, Esq., Department of Transportation, Augusta, for defendant.

John K. Hamer, Esq. (orally), City of Bangor, Bangor, William L. Plouffe, Esq., Drummond Woodsum & MacMahon, Portland, (for Shaw House, Inc.), for intervenors.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CLIFFORD, J.

[¶ 1] Maine Central Railroad appeals from a judgment entered in the Superior Court (Penobscot County, *Mead, J.*) affirming the decision of the Department of Transportation issued pursuant to 23 M.R.S.A. § 7202 (1992),[1] which granted permission, subject to conditions, to the City of Bangor to establish a public railroad crossing over Maine Central's tracks located on the Waterworks property area of the City.

[¶ 2] In 1992, 1995, and 1998, the City of Bangor applied for and was granted per-

---

1. Section 7202 provides, in pertinent part: "Town ways and highways may be laid out across, over or under any railroad track or through or across any land or right-of-way of any railroad corporation, if the Department of Transportation, after notice and hearing, so determines." 23 M.R.S.A. § 7202 (1992).

mission by the Maine Department of Transportation (the Department) to establish a public railroad crossing across the Maine Central Railroad adjacent to the Bangor Waterworks site. All three projects were later abandoned, however, and a crossing was never established at the site. In 2003, the City again applied for and was granted permission by the Department to establish a crossing for the benefit of a low-income housing project to be completed at the Waterworks site. Maine Central appealed the Department's decision to the Superior Court pursuant to M.R. Civ. P. 80B, which affirmed.

[¶ 3] Maine Central does not challenge that portion of the Department's decision establishing a public railroad crossing, nor the safety conditions imposed by the Department or the allocation of costs of the project. Rather, Maine Central's objection is directed to the following portion of the language in the Department's decision regarding public use and public exigency:

> The Department's authority to lay out municipal highways across railroad tracks pursuant to 23 M.R.S.A. § 7202 has an inherent requirement that the crossing be for a *public use.* The City argues that the proposed new crossing is a public use. The Railroad argues that the proposed use of the Waterworks Property would not be sufficiently public in nature to justify the classification of the crossing as a public at-grade crossing.
>
> After a review of the relevant law as applied to the specific facts of this case, the Department concludes the proposed crossing is for a *public use* . . . .
>
> Pursuant to 23 M.R.S.A. § 7202, the Department has authority to lay out municipal highways across railroad tracks. Because exercising this authority necessarily involves diminution in the Railroad's exclusive use of the crossing area

for railroad purposes, the Waterworks Road and the crossing must exist for a *public use.* To avoid a constitutional violation of Article I, section 21 of the Maine Constitution, the establishment of any road must be for a *public use* and its requirement must be in response to *public exigencies* . . . .

(Emphasis added.) Also included in the decision of the Commission, however, is the following language:

> Crossings for private purposes can exist. However, private crossings must be obtained consensually through negotiations with the Railroad. See 23 M.R.S.A. § 7210. The Department has no power to create private crossings. Stated another way, if the use is private, the Department lacks the subject matter jurisdiction to establish the crossing requested and the City's petition would have to be denied.

[¶ 4] The Railroad asserts that the Department exceeded its authority pursuant to section 7202 and urges us to remand the matter to the Department to order that such language be deleted. We disagree. We discern nothing about the decision showing the Board to have exceeded its authority. The Department undertook the public use/public exigency discussion not for any impermissible purpose, but rather merely to establish that the City sought a *public* crossing pursuant to section 7202, and in order to distinguish the City's application and the differing approval process from those seeking a *private* crossing pursuant to 23 M.R.S.A. § 7210 (1992).

[¶ 5] Further, the language to which Maine Central points, even if it could be construed to have exceeded the authority of the Department, is dictum, and does not affect the result of the Department's action, a result not challenged by the Railroad. Accordingly, we decline to issue orders to the Department. *See Ullis v.*

*Inhabitants of Town of Boothbay Harbor,* 459 A.2d 153, 155–56, 160 (Me.1983) (holding that the town was not aggrieved, and thus had no standing to challenge the State Liquor Commission's affirmance on alternate grounds of the town's denial of a liquor license application, resulting in a dismissal of the town's appeal from the Liquor Commission decision); *see also Storer v. Dep't of Envtl. Prot.,* 656 A.2d 1191, 1192 (Me.1995) (requiring a particularized injury of an appellant seeking review of an administrative decision).

The entry is:

Judgment vacated. Remanded to the Superior Court for dismissal of the Railroad's petition for review.