STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-07-04
GAR - YOR -9/4/2007

SUSAN T. LEGGE,

Petitioner

v.                                    ORDER        DC

SECRETARY OF STATE,

Respondent

This case comes before the Court on Petitioner Susan T. Legge's appeal of governmental action pursuant to M.R. Civ. P. 80C. Following hearing, the petition is Denied.

## FACTUAL BACKGROUND

The facts of this case are largely undisputed. Petitioner, Susan T. Legge ("Ms. Legge"), appeals a decision of the Secretary of State, pursuant to 5 M.R.S.A. § 1101 et seq. and Rule 80C of the Maine Rules of Civil Procedure, that revoked Ms. Legge's license to operate a motor vehicle for an indefinite period of time.

At a December 19, 2006 hearing, the hearing officer determined Ms. Legge to be an habitual offender pursuant to 29-A M.R.S.A. § 2551-A(1)(B) ("§ 2551-A(1)(B)") which was enacted on August 23, 2006. That determination was based on Ms. Legge's moving violations from December 3, 2002. Her tenth violation, which categorized Ms. Legge as an habitual offender, occurred on September 6, 2006. The previous nine moving violations occurred prior to the enactment of § 2551-A(1)(B). Ms. Legge did not contest the driving record maintained by the Secretary of State that was entered at hearing, nor did she assert that she had a vested right in a driver's license.

At issue in this case is whether, as a matter of law, the hearing officer could consider moving violations prior to the enactment of § 2551-A(1)(B) in determining Ms. Legge's status as an habitual offender. The hearing officer concluded that, absent language to the contrary, the legislature intended inclusion of offenses prior to the enactment of § 2551-A(1)(B) for habitual offender determinations. (Rec. Tab 7 p. 10.)

Ms. Legge argues that the Secretary of State erroneously relied on non-binding case law in support of the decision to include the nine offenses she acquired prior to the enactment of § 2551-A(1)(B). Moreover, § 2551-A(1)(B) is ambiguous because it is silent with respect to inclusion of pre-statutory offenses, and because the statutory language ( i.e. "has accumulated") could be read to include only post-statutory offenses. Thus, it is argued, relevant case law and legislative history need to be consulted to clarify legislative intent.

Ms. Legge further contends that inclusion of prior convictions is a violation of the ex post facto clauses of the Maine and United States Constitutions because the law is retroactive and impairs her "vested rights or create[s] personal liabilities." Inclusion of the pre-statutory offenses also violates Ms. Legge's right to due process because the State failed to warn her that her previous violations "potentially place[d] her on Habitual Offender status." (Rep. Br. 3.)

The Secretary of State argues that, under the plain meaning of § 2551-A(1)(B), the hearing officer correctly determined Ms. Legge's status as an habitual offender by including all moving violations accumulated within the last five years. The Secretary further argues that including offenses prior to the enactment of § 2551-A(1)(B) is not an invalid ex post facto law nor is it a violation of Ms. Legge's due process rights because only illegal behavior by Ms. Legge subsequent to § 2551-A(1)(B)'s enactment would trigger the law.

2

## DISCUSSION

### 1. Standard of Review

The Court may only reverse or modify an administrative agency's decision if it is based upon "bias or error of law," is "unsupported by substantial evidence on the whole record," is "arbitrary and capricious," or involves an "abuse of discretion" by the agency. 5 M.R.S.A. § 11007(4)(C)(4)-(6). According to the Law Court, the power to review decisions of the Commission is confined to an examination of "whether the Commission correctly applied the law and whether its fact findings are supported by any competent evidence." *McPherson Timberlands, Inc. v. Unemployment Ins. Comm'n,* 1998 ME 177,¶ 6, 714 A.2d 818, 820. Additionally, the Court cannot "substitute its judgment for that of the agency on questions of fact." 5 M.R.S.A. § 11007(3). "[U]nless the record before the Commission compels a contrary result," the Court will uphold the agency decision. *McPherson,* 1998 ME 177, ¶ 6, A.2d at 820. Finally, "the burden of proof clearly rests with the party seeking to overturn the decision of an administrative agency." *Seven Islands Land Co. v. Maine Land Use Regulation Comm'n,* 450 A.2d 475, 479 (Me. 1982). The issue before this Court is a question of law, not fact.

### 2. Did the legislature intend that only moving violations committed after the enactment of 29-A M.R.S.A. § 2551-A (B)(1) be considered in determining habitual offender status?

The Maine Habitual Offender statute reads in pertinent part:

1. HABITUAL OFFENDER DEFINED. An habitual offender is a person whose record, as maintained by the Secretary of State shows that:

    A. [. . . ]

    B. The person has accumulated 10 or more convictions or adjudications for moving violations arising out of separate acts committed within a 5-year period.

29-A M.R.S. § 2551-A (B)(1) (2007).

3

This Court considered a similar case based upon a predecessor to the current habitual offender statute. See *Belanger v. Quinn*, 1980 Me. Super. LEXIS 21. Though not binding on this court, the analysis of the issue was thoughtful and persuasive.

The *Belanger* Court considered the 1979 Habitual Offender statute pertaining to "driving to endanger" offenses. 29 M.R.S.A. §§ 2291-2299, *repealed by* P.L.1979, ch. 10. ("1979 Statute") At issue was whether or not the court could consider offenses prior to the enactment of the 1979 Statute in calculating habitual offender status. The 1979 Statute contained language similar to § 2551-A(1)(B):

> An habitual offender is any person . . . whose record as maintained in the office of the Secretary of State, shows that the person has accumulated convictions or adjudications . . . committed within a 5-year period.

*Belanger*, 1980 Me. Super. at 9.

The *Belanger* Court held that the statute was clear on its face regarding the time calculation; that is offenses committed within the 5 years previous to the triggering offense. *Id.* The court also relied on the 1979 Statute's evolution from a predecessor habitual offender statute, 29 M.R.S.A. 2273, which was enacted in 1971 (the "1971 Statute"). *Id.* The 1971 Statute specifically stated that no offenses prior to the enactment of the 1971 Statute should be considered. *Id.* The 1979 Statute did not contain that clause and was enacted to lesson the burden on Superior Court by granting power of initial review of habitual offender status to the Secretary of State. *Id.*

Ultimately the *Belanger* Court rested its analysis on the underlying public policy for the legislation, which was "to provide safety and to discourage repeated violation of traffic laws". *Id.* This policy is echoed in current law:

> If public safety will not be endangered . . . the Secretary of State may relieve the person from status as an habitual offender and restore the person's license on appropriate terms and conditions. . . .

29-A M.R.S. § 2554(2) (2007).

3. Does inclusion of moving violations prior to the enactment of 29-A M.R.S.A. § 2551-A (B)(1) violate due process or the ex post facto clauses of the Maine and United States Constitutions?

The legislature has "no constitutional power to enact retrospective laws which impair vested rights, or create personal liabilities" *Sabasteanski v. Pagurko*, 232 A.2d 524 (Me. 1967) (quoting *Coffin v. Rich*, 45 Me. 507, 514 (1858)).

> A criminal statute will violate these constitutional prohibitions of ex post facto legislation only if: i) the new statute punishes as a crime an act that was innocent when done, or ii) if it makes more burdensome the punishment for a crime after its commission, or iii) if it deprives one charged with crime of a defense available according to the law at the time the act was committed.

*State v. Chapman* 685 A.2d 423 (Me. 1996) (citing *State v. Joubert*, 603 A.2d 861, 869 (Me. 1992)). However, a sentence imposed for habitual offending, which is "imposed for the latest crime" is "not to be viewed as either a new jeopardy or additional penalty for the earlier crimes." *Gryger v. Burke*, 334 U.S. 728, 732 (1948).

The *Chapman* Court considered a sentence enhancement for operating a motor vehicle while under the influence ("OUI"). *Chapman*, 685 A.2d at 424. Chapman's triggering offense occurred shortly after the statutory look back period was expanded from six years to ten years. *Id.* Upon challenging inclusion of offenses beyond the six year period as an ex post facto law and a deprivation of due process under the Maine and United States Constitutions, the *Chapman* Court found that the enactment of the new statute was fair notice to the defendant under a due process claim and that a sentence enhancement "did not impose an additional penalty for past conduct." *Id.* at 425.

Similarly, although not binding precedent, the Superior Court found that "A statute is not retroactive merely because it draws on antecedent facts for its operation." See *Kelley v. Quinn*, 1980 Me. Super. LEXIS 98. In that case the plaintiff contested the inclusion of OUI's accumulated prior to the enactment of the 1979 Statute in calculating habitual offender status under the 1979 Statute. *Id.* at 2. The Kelley Court reasoned that the statute did not "impose a more severe penalty on the plaintiff for his prior conviction for driving to endanger; it merely looks to prior conduct without imposing additional sanctions thereon." *Id.* at 4

In this case, Ms. Legge contends that the inclusion of offenses prior to the enactment of § 2551-A(B) is an unconstitutional retroactive law that provided her with no notice of the implications of her unlawful behavior. This argument lacks merit.

## CONCLUSION

The decision of the Secretary of State to revoke Susan Legge's license for an indefinite period under 29-A M.R.S. § 5441-A(1)(B) is Affirmed.

Dated: _9/4/07_

G. Arthur Brennan
Justice, Superior Court

PETITIONER:
ANTHONY J. SINENI III ESQ
701 CONGRESS ST
PORTLAND ME 04102

RESPONDENT:
GWENDOLYN D THOMAS AAG
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006