STATE OF MAINE                          SUPERIOR COURT
HANCOCK, ss:                            CIVIL ACTION
                                        DOCKET NO. RE-08-002

DAVID S. LLOYD,
VICKIE R. LLOYD,

        Plaintiffs,

        v.                              **ORDER**

ESTATE OF ANNABELLE E. ROBBINS,

        Defendant.


        This matter is before the Court on two Motions for
Summary Judgment filed by Plaintiffs, David and Vickie
Lloyd.  Defendant, Annabelle E. Robbins, has opposed both
Motions.  A hearing on this matter was held on March 2,
2009.

## BACKGROUND

        On January 3, 2000, Defendant executed a deed "with
Warranty Covenants" conveying a certain 17.55-acre parcel
of land in Southwest Harbor to Plaintiffs.  The deed also
contained the following language.

> By their acceptance of this deed, the herein
> Grantees acknowledge, for themselves, their heirs
> and assigns, that portions of an abutting
> property owner's house and septic system encroach
> upon the northwesterly portion of the herein
> conveyed premises.

The deed was then recorded in the Hancock County Registry
of Deeds at Book 2892, Page 274.

        Subsequently, a dispute arose between Plaintiffs and
the abutting landowner.  Such dispute resulted in
litigation and ultimately a determination by this Court
that the abutting landowner was the titleholder to nearly
three acres of the northwesterly portion of the parcel
described in the deed.  *See Lloyd v. Robbins*, 2005 Me.

1

Super. LEXIS 34 (Me. Super. Ct. 2005), *aff'd*, 2006 ME 129, 910 A.2d 1048.

Following the adverse result of their litigation with the abutting landowner, Plaintiffs filed a Complaint in the present action on January 17, 2008, seeking damages from Defendant for breach of the covenant of seisin, breach of the covenant of the right to convey, breach of warranty covenants, and unjust enrichment.[1]

## DISCUSSION

Plaintiffs have filed two Motions for Summary Judgment. The first seeks to establish Defendant's liability on all four counts of the complaint. The second Motion seeks to establish the proper amount of damages.

"Summary judgment is appropriate when review of the parties' statements of material facts and the referenced record evidence indicates no genuine issue of material fact that is in dispute, and, accordingly, the moving party is entitled to judgment as a matter of law." *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821, 825.

---

[1] Defendant argues that she should prevail because the cause of action accrued at the time of conveyance and the applicable statute of limitations is six years. *See* 14 M.R.S. § 752 (2008). Plaintiffs argue that no statute of limitations applies because the word "forever" in 33 M.R.S. § 764 indicates that no statute of limitations applies. In the alternative, Plaintiffs argue that the twenty-year statute of limitations for contracts or liabilities under seal applies in this case. *See* 14 M.R.S. § 751 (2008).

Contrary to Plaintiffs' contention, the word "forever" in 33 M.R.S. § 764 does not indicate that no statute of limitations applies. To the contrary the word is used as part of the phrase "heirs and assigns forever," which is a term of art describing the extent of the estate warranted and conveyed to the grantee and has nothing to do with the statutory period for filing a claim. *See Wentworth v. Sebra*, 2003 ME 97, ¶ 17, 829 A.2d 520, 525. In other words, in 33 M.R.S. § 764, the word "forever" modifies "heirs and assigns" and not "warrant."

Defendant's attempt to assert the statute of limitations is still to no avail because this deed was under seal within the meaning of 14 M.R.S. § 751. At common law, deeds were required to be under seal to effectively convey any interest in real estate, but this requirement has been abrogated by statute. 33 M.R.S. § 774 (2008) (abrogating the rule stated in *McLaughlin v. Randall*, 66 Me. 226, 227 (1877)). However, 14 M.R.S. § 751 still permits a longer limitations period for written contracts or liabilities that have been impressed with the seal of a notary public, such as the warranty deed in this case. *See* 51 Am. Jur. 2d *Limitation of Actions* §§ 135, 141, at 537-38, 541-42 (2000); 68 Am. Jur. 2d *Seals* § 6, at 619-20 (2000).

2

It is undisputed that the conveyance was "with Warranty Covenants" and these words carry the full force ascribed to them by 33 M.R.S. § 764.

> In a conveyance of real estate the words "warranty covenants" shall have the full force, meaning and effect of the following words: "The grantor covenants with the said grantee, his heirs and assigns that he is lawfully seized in fee of the premises, that they are free of all encumbrances, that he had good right to sell and convey the same to the said grantee to hold as aforesaid, and that he and his heirs shall and will warrant and defend the same to the said grantee, his heirs and assigns forever, against the lawful claims and demands of all persons."

33 M.R.S. § 764 (2008). The crux of Defendant's opposition is the language in the deed regarding the encroachments on the northwesterly corner of the parcel. Did acknowledgement in the deed of the encroachments waive or limit the scope of the warranty covenants? The Court holds that the language of the deed clearly did not limit the scope of the covenant of seisin or the covenant of the right to convey.

The language of a deed may limit the scope of certain covenants. For example, a grantor wishing to limit the scope of the covenant against encumbrances may do so by describing in the deed the encumbrance excepted from the covenant's protection. *See* 20 Am. Jur. 2d *Covenants, Conidtions, and Restrictions* § 87, at 626-27 (2005). *See also Spydell v. Pushard*, 2006 Me. Super. LEXIS 117, at *6 n. 2 (Me. Super. Ct. 2006).

While it is unclear whether a grantor can in like manner limit the covenant of seisin or the covenant of the right to convey, such does not need to be determined here. Even if it is theoretically possible to limit the aforementioned covenants by inserting express limitations in the deed after including the statutorily loaded phrase "warranty covenants," the language in the deed at issue in this case clearly did not do so. Although the deed described an encroachment on the conveyed parcel, it unequivocally stated that such encroachment was *"upon. . .the conveyed premises."* (emphasis added). If this

3

limitation made anything clear, it made clear that the parcel conveyed included the encroached portion.

Defendant was not properly seized of the northwesterly portion of the parcel and did not have the right to convey such land; therefore, Plaintiffs are entitled to damages for breach of covenants. Summary judgment as to liability in favor of Plaintiffs as to Counts I, II, and III of the Complaint is GRANTED.

Moving now to Plaintiffs' Motion for Summary Judgment as to damages, the Court holds that genuine issues of material fact remain. In support Plaintiffs have submitted the affidavit of Theodore Webersinn. Mr. Webersinn is a licensed appraiser and opines that the value of the northwesterly portion of the parcel is $160,000.

However, a closer reading shows that the appraisal of Mr. Webersinn fails to provide prima facie evidence of the value of the northwesterly portion of the parcel at issue. First, Mr. Webersinn's appraisal does not compare the value of the land conveyed by Defendant to the value of that land without the northwesterly portion. Instead the appraisal compares a smaller portion of the land conveyed by Defendant (*i.e.*, the parcel without a large section previously sold by Plaintiffs) to its value without the northwesterly portion.

Secondly, the appraisal makes clear that its accuracy depends upon conditions that (1) there are no hazardous materials on the land, (2) there are no soil problems on the land, (3) and the northwesterly portion would be approved as a buildable lot. The appraisal itself describes these conditions as "extraordinary assumptions" upon which the value of the parcel is "expressly contingent." Plaintiffs have not presented any evidence as to the occurrence or nonoccurrence of the aforementioned conditions.

Thirdly, the appraisal describes the portion of the premises valued at $160,000 as consisting of 3.15 acres, which conflicts with the size of the northwesterly portion as described in Plaintiffs' Complaint and Statement of Material Facts. Having failed to make a prima facie showing as to damages and having submitted contradictory evidence as to the size of the portion of the parcel at issue, Plaintiffs' Motion for Summary Judgment as to damages is DENIED.

4

## CONCLUSION

No genuine issues of material fact remain as to Defendant's liability under the covenants contained in the deed. Therefore, Plaintiffs' Motion for Summary Judgment as to liability is GRANTED as to Counts I, II, and III of the Complaint. Count IV seeks damages for unjust enrichment; however, Plaintiffs cannot succeed on their equitable claim of unjust enrichment because they have an adequate remedy at law. Therefore, summary judgment is GRANTED in favor of Defendant, the nonmoving party, as to Count IV of the Complaint. *See* M.R. Civ. P. 56(c) ("Summary judgment, when appropriate, may be rendering against the moving party"). Furthermore, genuine issues of material fact remain as to damages; therefore, Plaintiffs' Motion for Summary Judgment relating to damages is DENIED.

The entry is:

1. Plaintiffs' Motion for Summary Judgment as to liability, filed on November 6, 2008, is **GRANTED** as to Counts I, II, and III, and is **DENIED** as to Count IV.

2. Pursuant to M.R. Civ. P. 56(c), summary judgment is **GRANTED** in favor of Defendant, the nonmoving party, as to Count IV.

3. Plaintiffs' Motion for Summary Judgment as to damages, filed November 6, 2008, is **DENIED**.

4. This Order is incorporated into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: March 10, 2009

Kevin M. Cuddy
Justice, Superior Court

RECEIVED & FILED

MAR 11 2009

HANCOCK COUNTY
COURTS

5